UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

NGM Insurance Company,

        Plaintiff,

    -against-

BNK Realty, LLC,

        Defendant & Cross-Claimant,

52 Liberty, Inc.

        Defendant & Cross-Claim
        Defendant

Gregory S. DeGraw,

        Defendant.
---------------------------------------------------------------X

BNK Realty, LLC,

        Third-Party Plaintiff,

    -against-

Usher Jalas,

        Third-Party Defendant.
---------------------------------------------------------------X

**Civil Action No.
09 CIV 9003**

**Judge Robinson**

### THIRD-PARTY COMPLAINT

Third-Party Plaintiff, BNK Realty, LLC, as and for its third-party complaint, and by its attorneys, the undersigned, alleges as follows:

#### A.    The Parties

1.    Third-Party Plaintiff, BNK Realty, LLC (hereafter "BNK"), is a New York Limited Liability Corporation having its principal place of business in Sullivan County, State of New York.

2.     Defendant Usher Jalas (hereafter "Jalas") is a citizen of the State of New York at 5204 19th Avenue, Brooklyn, New York; Jalas is an officer and a principal shareholder of defendant 52 Liberty, Inc.

### B.     Jurisdiction

3.     This Court has jurisdiction of this third-party action in accordance with 28 USC 1367(a) in that the claims asserted in this third-party action "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." This Court has further jurisdiction in accordance with FRCP 14(a)(1) in that the third-party defendant herein may be liable to the third-party plaintiff for all or part of the claim against it.

### C.     Facts Giving Rise to the Causes of Action; Relief Sought

4.     That heretofore a complaint (annexed hereto as Exhibit A) was filed in this action on October 26, 2009 by NGM Insurance Company, as plaintiff, and against BNK, 52 Liberty, Inc. (hereafter "52 Liberty") and Gregory S. DeGraw, as defendants.

5.     That defendant and third-party plaintiff BNK appeared therein by an Answer and Cross-Claim (annexed hereto as Exhibit B) against defendant 52 Liberty, dated December 2, 2009.

6.     The complaint of plaintiff NGM Insurance Company seeks a judgment declaring that a liability insurance policy issued by it to defendant 52 Liberty, being Policy No. BP V82 169, does not provide liability insurance for BNK, and, in any event, does not provide for insurance against any liability incurred as a result of "structural alterations, new construction and demolition operations . . . ."

7. That heretofore and on or about November 6, 2007, third-party plaintiff

BNK, as landlord and Owner, entered into a written Commercial Store Lease (hereafter

the "Lease") with defendant 52 Liberty, as Tenant.

8. That third-party defendant Jalas executed a personal guaranty of the

subject Lease by the terms of which, amongst other things, Jalas personally

> "guarantee[d] to the Owner . . . the performance by the
> Tenant of all of the provisions and assurances of the within
> Lease."

9. The Lease provides, amongst other things, that:

> Owner hereby leases to Tenant and Tenant hereby hires
> from Owner the land and building located at No. 1885
> Route 52 East, Liberty, New York, County of Sullivan,
> State of New York (the "Demised Premises") for the term
> of ten (10) years . . . .

10. The Lease also provides in Paragraph 45 thereof that:

> [T]he Tenant shall, at its sole cost and expense, provide the
> following insurance coverages . . . for the benefit of the
> Owner, which shall be named as an additional insured:
>
> (a) Comprehensive and general public liability insurance
> against claims for personal injury . . . occurring in
> connection with the use and occupancy of the Leased
> Premises or arising out of the improvement, repair, or
> alteration of the Leased Premises.

11. The Lease also provides in Paragraph 48 thereof that:

> (a) The Tenant agrees to indemnify and hold harmless the
> Owner against and from any and all claims, suits, actions
> and proceedings by or on behalf of any person . . . arising
> from anything whatsoever done by or on behalf by the
> Tenant, in or about the Leased Premises, and will further
> indemnify and save the Owner harmless against and from
> any and all claims arising from any breach or default on the
> part of the Tenant in the performance of any covenant or
> agreement n the part of Tenant to be performed pursuant to
> the terms of this Lease, or arising from any act or omission

3

of the Tenant, or any of its agents, contractors, servants, employees or licensees, and from and against all costs, counsel fees, expenses and liabilities incurred in or related to any such claim, action or proceeding brought thereon.

12. That heretofore, and as of October 20, 2008, 52 Liberty contracted with non-party Werlau Enterprises LLC (hereinafter "Werlau") as a contractor for the construction of retail stores within the subject premises.

13. That as alleged in the complaint herein, on October 20, 2008, defendant Gregory S. DeGraw, while employed by Werlau, suffered personal injuries while performing construction work upon the demised premises.

14. That as alleged in the complaint herein, DeGraw commenced an action in New York Supreme Court against BNK, making claim for $50,000,000 damages as compensation for such personal injuries.

15. That such claim is one which arose "out of the improvement, repair, or alteration of the Leased Premises" as defined in Paragraph 45(a) of the Lease.

16. That defendant 52 Liberty, as Tenant, breached Paragraphs 45(a) of the Lease, at least in that it failed and omitted to obtain liability insurance coverage for BNK as an additional insured, and further failed and omitted to obtain liability insurance for BNK with respect to claims "arising out of the improvement, repair, or alteration of the Leased Premises."

17. That as a result of such failures and omissions on the part of 52 Liberty, BNK may be without such insurance and will incur legal expenses to defend the DeGraw action, to defend the within action, and may be liable for the payment of damages to DeGraw as compensation for his personal injuries.

18.     That as a result of Jalas' personal guaranty of performance of the Lease by defendant 52 Liberty, third-party defendant Jalas is liable to the third-party plaintiff BNK for such failures and omissions on the part of defendant 52 Liberty, as more particularly defined and set forth in Paragraphs 16 and 17 of this third-party complaint.

19.     That accordingly, BNK as third-party plaintiff is entitled to a judgment declaring:

> (a)     that third-party defendant Jalas is liable to BNK for the breach of the terms of the subject Lease by 52 Liberty, which failed and omitted to obtain the insurance coverage for BNK as it agreed to do in accordance with Paragraph 45(a) of the Lease, and

> (b)     that in accordance with Paragraph 48(a) of the Lease, and of Jalas' guarantee to BNK of the performance of the Lease by 42 Liberty, Jalas is obligated to indemnify BNK for any money which BNK shall be obligated to pay to DeGraw by settlement, verdict, or otherwise, and

> (c)     that in further accordance with Paragraph 48(a) of the Lease, Jalas is obligated to assume and to pay counsel fees and expenses incurred and to be incurred by BNK in defense of the DeGraw claim as hereinabove described, and in the defense of the main action herein.

WHEREFORE, it is urged that judgment be entered in favor of third-party plaintiff BNK, declaring that third-party defendant Jalas

> (a)     is obligated in accordance with Paragraph 48(a) of the Lease, to indemnify BNK for any money which BNK shall be obligated to pay to DeGraw by settlement, verdict, or otherwise, and

> (b)     is obligated in accordance with Paragraph 48(a) of the Lease, to assume and to pay counsel fees and expenses incurred and to be incurred by BNK in defense of the DeGraw claim as hereinabove described, and in the defense of the main action herein,

and that further judgment be made awarding BNK such other and further relief as the Court may determine appropriate, together with the costs and disbursements of this third-party action.

Dated: December 2, 2009
       Liberty, New York

Yours, etc.

ORSECK LAW OFFICES PLLC

By: _____
       GERALD ORSECK (GO 9913)
       Attorneys for BNK Realty, LLC as
       Third-Party Plaintiff
       1924 State Route 52, P.O. Box 469
       Liberty, NY 12754
       Tel: (845) 292-5800
       Fax: (845) 292-6749
       Email: orsecklaw@yahoo.com

Exhibit A

## UNITED STATES DISTRICT COURT JUDGE ROBINSON
for the

Southern District of New York

| | |
|---|---|
| NGM Insurance Company | ) |
| | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. |
| 52 Liberty, LLC, BNK Realty, LLC, and Gregory S. DeGraw | ) |
| _Defendant_ | ) |

**09 CIV 9003**

### SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  BNK Realty, LLC
1857 Route 52
Liberty, New York 12754

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Timothy E. Delahunt
Kenney Shelton Liptak Nowak LLP
510 Rand Building
14 Lafayette Square
Buffalo, New York 14203

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

J. MICHAEL McMAHON

OCT 2 6 2009

CLERK OF COURT

Date: _____

_Signature of Clerk or Deputy Clerk_

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .


I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                         *Server's signature*

                                        _____
                                                         *Printed name and title*


                                        _____
                                                         *Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT

*JUDGE ROBINSON*

for the

Southern District of New York

| | | |
|---|---|---|
| NGM Insurance Company | ) | |
| | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| 52 Liberty, LLC, BNK Realty, LLC, and Gregory S. DeGraw | ) | |
| *Defendant* | ) | |

**09 CIV 9003**

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* BNK Realty, LLC
1857 Route 52
Liberty, New York 12754

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Timothy E. Delahunt
Kenney Shelton Liptak Nowak LLP
510 Rand Building
14 Lafayette Square
Buffalo, New York 14203

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

J. MICHAEL McMAHON

CLERK OF COURT

Date: OCT 2 6 2009

*Signature of Clerk or Deputy Clerk*

'09 CIV 9003

| | |
|---|---|
| NGM INSURANCE COMPANY, | **COMPLAINT** |
| Plaintiff, | No. _____ |
| v. | |
| 52 LIBERTY, LLC, BNK REALTY, LLC, and GREGORY S. DEGRAW | |
| Defendants. | |



RECEIVE
OCT 2 6 2009
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff NGM Insurance Company ("NGM"), by and through its attorneys, Kenney Shelton Liptak Nowak LLP, for its complaint against defendants 52 Liberty, LLC ("52 Liberty"), BNK Realty, LLC ("BNK") and Gregory S. DeGraw ("DeGraw") alleges:

1.    NGM is a Florida corporation with its principal place of business in Florida.

2.    52 Liberty is a New York limited liability company with its principal place of business in New York.

3.    BNK is a New York limited liability company with its principal place of business in New York.

4.    DeGraw is a natural person who residing in New York.

5.    The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) based upon complete diversity of citizenship of the parties, and an amount in controversy that exceeds $75,000.00.

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

7.     At all relevant times, BNK was the owner of a retail building located at 1885 State Route 52, Liberty, New York ("the building").

8.     At all relevant times, BNK leased a portion of the building to 52 Liberty.

9.     In October 2007, 52 Liberty hired Werlau Enterprises, LLC ("Werlau") as the general contractor for the construction of a new retail store within the building.

10.    At all relevant times, DeGraw was employed by Werlau.

11.    On October 20, 2008, DeGraw was allegedly injured while performing work on the building in the course of his employment for Werlau.

12.    52 Liberty was immediately aware of the October 20, 2008 accident and DeGraw's alleged injuries.

13.    BNK was immediately aware of the October 20, 2008 accident and DeGraw's alleged injuries.

14.    In August 2009, DeGraw commenced an action in New York State Supreme Court, Sullivan County against BNK and certain other defendants seeking damages in connection with the October 20, 2008 accident ("the underlying action"), which action remains pending.

15.    NGM issued 52 Liberty a Business Owners Policy (No. BP V82 169) for the period December 17, 2007 to December 17, 2008 ("the policy").

16.    Subject to its terms and conditions, the policy provides bodily injury liability coverage subject to a $1 million per-occurrence limit.

17.     Among other provisions, the policy contains a notice provision that states,

in part:

> 2.     **Duties in The Event Of Occurrence, Offense, Claim Or Suit**
>
>> a.     You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
>>
>>> (1)     How, when and where the "occurrence" or offense took place;
>>>
>>> (2)     The names and addresses of any injured persons and witnesses; and
>>>
>>> (3)     The nature and location of any injury or damage arising out of the "occurrence" or offense.
>>
>> b.     If a claim is made or "suit" is brought against any insured, you must:
>>
>>> (1)     Immediately record the specifics of the claim or "suit" and the date received; and
>>>
>>> (2)     Notify us as soon as practicable.
>>
>> You must see to it that we receive written notice of the claim or "suit" as soon as practicable.
>>
>> c.     You and any other involved insured must:
>>
>>> (1)     Immediately send us copies of any demands, notices, summonses or legal papers received in connection with claims or "suit";
>>>
>>> (2)     Authorize us to obtain records and other information;

> (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and
>
> (4) Assist us, upon our request, in the enforcement of any right against any person or organization that may be liable to the insured because of injury or damage to which this insurance may also apply.
>
> d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

18. Among other provisions, the policy contains an endorsement entitled "Additional Insured – Mortgagee, Assignee, Or Receiver," which states, in part:

> The following is added to Paragraph C. WHO IS AN INSURED in the Business Liability Coverage Form:
>
> 4. The person or organization shown in the Schedule is also an insured, but only with respect to liability as mortgagee, assignee, or receiver and arising out of the ownership, maintenance, or use of the premises by you and as shown in the Schedule.
>
> This insurance does not apply to structural alterations, new construction and demolition operations performed by or for that person or organization.

19. NGM first received notice of the October 20, 2008 accident and the underlying action on August 25, 2009.

20. On September 30, 2009, NGM issued a written disclaimer of coverage against 52 Liberty in connection with the October 20, 2008 accident and the underlying action based on 52 Liberty's failure to provide timely notice.

21.     On October 6, 2009, NGM issued a letter to BNK advising that NGM will retain defense counsel for BNK in connection with the underlying action, but advising that there is no coverage for BNK in the event it does not qualify as an additional insured and/or failed to provide timely notice to NGM.

## FIRST CAUSE OF ACTION

22.     NGM realleges and incorporates paragraphs 1 through 21 as if fully set forth.

23.     As a condition of coverage under the policy, 52 Liberty was obligated to provide NGM with, *inter alia*, timely notice of occurrence, claim, and suit.

24.     Although 52 Liberty was immediately aware of the September 22, 2008 accident and DeGraw's alleged injuries, 52 Liberty failed to provide notice to NGM until August 25, 2009.

25.     52 Liberty breached the policy's notice provisions as a matter of law.

26.     NGM is entitled to a declaration that it has no obligation under the policy to defend or indemnify 52 Liberty or any other person in connection with the October 20, 2008 accident or the underlying action.

## SECOND CAUSE OF ACTION

27.     NGM realleges and incorporates paragraphs 1 through 26 as if fully set forth.

28.     By endorsement, the policy provides additional insured coverage limited to liability as a mortgagee, assignee, or receiver arising out 52 Liberty's ownership, maintenance, or use of the building.

29. BNK is the owner and lessor of the building, and is not a mortgagee, assignee, or a receiver with respect to 52 Liberty.

30. BNK's potential liability in connection with the underlying action does not arise out of 52 Liberty's ownership, maintenance, or use of the building.

31. BNK is not entitled to additional insured coverage in connection with the October 20, 2008 accident or the underlying action.

32. NGM is entitled to a declaration that it has no obligation under the policy to defend or indemnify BNK or any other person in connection with the October 20, 2008 accident or the underlying action.

### THIRD CAUSE OF ACTION

33. NGM realleges and incorporates paragraphs 1 through 32 as if fully set forth.

34. As a condition of coverage under the policy, BNK was obligated to provide NGM with, *inter alia*, timely notice of occurrence, claim, and suit.

35. Although BNK was immediately aware of the September 22, 2008 accident and DeGraw's alleged injuries, BNK failed to provide notice to NGM until August 28, 2009.

36. Assuming, *arguendo*, BNK qualifies as additional insured under the policy, BNK breached the policy's notice provisions as a matter of law.

37. NGM is entitled to a declaration that it has no obligation under the policy to defend or indemnify BNK or any other person in connection with the October 20, 2008 accident or the underlying action.

**WHEREFORE,** NGM demands judgment declaring that it has no obligation to defend or indemnify 52 Liberty, BNK, or any other person in connection with the October 20, 2008 accident or the underlying action, and granting all other relief the Court deems just and proper.

Dated: October 22, 2009

Respectfully submitted,

KENNEY SHELTON LIPTAK NOWAK LLP

By: _____
Timothy E. Delahunt
Bar Roll No. TD-2791

510 Rand Building
14 Lafayette Square
Buffalo, New York 14203
Tel.: (716) 853-3801
Fax: (716) 853-0265
E-mail: TEDelahunt@kslnlaw.com

*Attorneys for plaintiff NGM Insurance Company*

Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

NGM Insurance Company,

                Plaintiff,

          -against-

BNK Realty, LLC,

                Defendant & Cross-Claim
                Plaintiff

52 Liberty, Inc.

                Defendant & Cross-Claim
                Defendant

Gregory S. DeGraw,

                Defendant.

------------------------------------------------------------------X

**Civil Action No.
09 CIV 9003**

**JUDGE ROBINSON**

### DEFENDANT BNK REALTY, LLC's ANSWER
### and CROSS-COMPLAINT AGAINST DEFENDANT 52 LIBERTY, INC.

Defendant BNK Realty, LLC, as and for (a) its Answer to the complaint, and (b) its cross-claim against defendant 52 Liberty, Inc., and by its attorneys, the undersigned, alleges as follows:

### A.    Answer to the Complaint

1.    Denies allegations of the complaint numbered "13", "14", "30", "34", "35" and "36".

2.    Denies knowledge or information sufficient to form a believe as to allegations of the complaint numbered "1", "4", "5", "9", "10", "11", "12", "15", "16", "17", "18", "19", "20", "23", "24", "25", "26", "28", "31", "32" and "37".

3.    Admits allegations of the complaint numbered "2", "3", "6", "7", "8" and "29".

4.     Admits allegations of the complaint numbered "21", but only to the extent that "[o]n October 6, 2009, NGB issued a letter to BNK," the contents of which letter speak for themselves.

### B.     Cross-Complaint Against Defendant 52 Liberty, Inc.

5.     That heretofore and on or about November 6, 2007, defendant 52 Liberty, Inc. (hereafter "52 Liberty") and cross-claimant BNK Realty, LLC (hereafter "BNK"), as landlord and Owner, entered into a written Commercial Store Lease (hereafter the "Lease") with defendant and cross-claim defendant 52 Liberty, as tenant.

6.     The Lease provides, amongst other things, that:

> Owner hereby leases to Tenant and Tenant hereby hires from Owner the land and building located at No. 1885 Route 52 East, Liberty, New York, County of Sullivan, State of New York (the "Demised Premises") for the term of ten (10) years . . . .

7.     The Lease also provides in Paragraph 45 thereof that:

> [T]he Tenant shall, at its sole cost and expense, provide the following insurance coverages . . . for the benefit of the Owner, which shall be named as an additional insured:
>
> (a)  Comprehensive and general public liability insurance against claims for personal injury . . . occurring in connection with the use and occupancy of the Leased Premises or arising out of the improvement, repair, or alteration of the Leased Premises.

8.     The Lease also provides in Paragraph 48 thereof that:

> (a)  The Tenant agrees to indemnify and hold harmless the Owner against and from any and all claims, suits, actions and proceedings by or on behalf of any person . . . arising from anything whatsoever done by or on behalf by the Tenant, in or about the Leased Premises, and will further indemnify and save the Owner harmless against and from any and all claims arising from any breach or default on the part of the Tenant in the performance of any covenant or

2

> agreement n the part of Tenant to be performed pursuant to the terms of this Lease, or arising from any act or omission of the Tenant, or any of its agents, contractors, servants, employees or licensees, and from and against all costs, counsel fees, expenses and liabilities incurred in or related to any such claim, action or proceeding brought thereon.

9.      That heretofore, and as of October 20, 2008, 52 Liberty contracted with non-party Werlau Enterprises LLC (hereinafter "Werlau") as a contractor for the construction of retail stores within the subject premises.

10.      That as alleged in the complaint herein, on October 20, 2008, defendant Gregory S. DeGraw, while employed by Werlau, suffered personal injuries while performing construction work upon the demised premises.

11.      That as alleged in the complaint herein, DeGraw commenced an action in New York Supreme Court against BNK, making claim for $50,000,000 damages as compensation for such personal injuries.

12.      That such claim is one which arose "out of the improvement, repair, or alteration of the Leased Premises" as defined in Paragraph 45(a) of the Lease.

13.      That cross-complaint defendant 52 Liberty, as Tenant, breached Paragraphs 45(a) of the Lease, at least in that it failed and omitted to obtain liability insurance coverage for BNK, as Owner, and as an additional insured, and further failed and omitted to obtain liability insurance for BNK with respect to claims "arising out of the improvement, repair, or alteration of the Leased Premises."

14.      That as a result of such failures and omissions on the part of 52 Liberty, BNK is without such insurance and is exposed to the incurrence of legal expenses to defend the DeGraw action, and to the payment of damages to DeGraw as compensation for his personal injuries.

15.     That accordingly, BNK as cross-complaint plaintiff is entitled to a

judgment declaring:

> (a)     that cross-complaint defendant 52 Liberty breached
> the terms of the subject Lease with BNK by failing and
> omitting to obtain the insurance coverage for BNK as it
> agreed to do in accordance with Paragraph 45(a) of the
> Lease, and
>
> (b)     that in accordance with Paragraph 48(a) of the
> Lease, 52 Liberty is obligated to indemnify BNK for any
> money which BNK shall be obligated to pay to DeGraw by
> settlement, verdict, or otherwise, and
>
> (c)     that in further accordance with Paragraph 48(a) of
> the Lease, 52 Liberty is obligated to assume and to pay
> counsel fees and expenses incurred and to be incurred by
> BNK in defense of the DeGraw claim as hereinabove
> described.

WHEREFORE, it is urged that a judgment be entered dismissing the complaint,

and, in any event, granting the relief sought in BNK's Cross-Complaint declaring that

cross-complaint defendant 52 Liberty, Inc.

> (a)     is obligated in accordance with Paragraph 48(a) of
> the Lease, to indemnify BNK for any money which BNK
> shall be obligated to pay to DeGraw by settlement, verdict,
> or otherwise, and
>
> (b)     is obligated in accordance with Paragraph 48(a) of
> the Lease, to assume and to pay counsel fees and expenses
> incurred and to be incurred by BNK in defense of the
> DeGraw claim as hereinabove described,

4

and that further judgment be made awarding BNK such other and further relief as the Court may determine appropriate, together with the costs and disbursements of this action to be taxed against plaintiff and defendant 52 Liberty, Inc.

Dated: December 2, 2009
       Liberty, New York

                     Yours, etc.

                     ORSECK LAW OFFICES PLLC

By:_____
                     GÉRALD ORSECK (GO 9913)
                     Attorneys for BNK Realty, LLC as
                     Defendant, Cross-Complaint Plaintiff
                     1924 State Route 52, P.O. Box 469
                     Liberty, NY 12754
                     Tel: (845) 292-5800
                     Fax: (845) 292-6749
                     Email: orsecklaw@yahoo.com