UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
NGM INSURANCE COMPANY,

        Plaintiff,

    - against -

BNK REALTY, LLC,

    Defendant & Cross-Claimant,

52 LIBERTY, INC.,

    Defendant & Cross-Claim Defendant,

GREGORY S. DeGRAW,

    Defendant.
-----------------------------------------------------------------X
BNK REALTY, LLC,

    Third-Party Plaintiff,

    - against -

USHER JALAS,

    Third-Party Defendant.
-----------------------------------------------------------------X

AFFIDAVIT
Case No.
09 CIV 9003 (LAK)
**Judge Preska**

STATE OF NEW YORK  )
                        ss:
COUNTY OF SULLIVAN )

    USHER JALAS, being duly sworn, deposes and says:

    1. I am a principal of 52 LIBERTY, INC. (s/h/a 52 LIBERTY, LLC) and as such, I am fully familiar with the facts and circumstances of this matter.

    2. I make this Affidavit in connection with my attorney's Motion for Summary Judgment.

3. Prior to October 20, 2008, 52 LIBERTY, INC. entered into a written lease with co-defendant, BNK REALTY, LLC.

4. The leased premises consisted of a large commercial building which 52 LIBERTY intended to subdivide, with the full knowledge and consent of BNK REALTY.

5. 52 LIBERTY obtained a policy of liability insurance through its insurance broker, which covered various perils and, in respect to this litigation, provided coverage between December 17, 2007 and December 17, 2008.

6. In connection with the renovation work to be performed, 52 LIBERTY hired WERLAU ENTERPRISES as its general contractor. In October of 2008, WERLAU was in the process of renovating a portion of the building that was going to be leased to an auto parts store. GREGORY DeGRAW was an employee of WERLAU ENTERPRISES.

7. On October 20, 2008, MR. DeGRAW was performing construction work at the portion of the premises that WERLAU was renovating for the auto parts store when he fell, causing personal injuries.

8. I became aware of the accident on October 20, 2008.

9. I did not contact either my insurance broker or the plaintiff because I thought that since any injuries that he sustained were covered under a policy of Workers' Compensation Insurance provided by his employer that his accident had nothing to do with 52 LIBERTY.

10. On or about August 25, 2009, a lawsuit was commenced by GREGORY DeGRAW against, among other parties, 52 LIBERTY.

11. At that time, I immediately notified my insurance broker of the receipt of the suit papers.

12. That was the first time when I reported the October 20, 2008 occurrence, on behalf of 52 LIBERTY.

13. Several days later, I received a phone call from a representative of the plaintiff, who wanted to take a statement from me. I told the plaintiff's representative at that time that I had not previously reported the October 20, 2008 accident because I thought that, as a Workers' Compensation case, this was not a matter that involved me or my company.

14. Sometime after September 30, 2009, I received a letter from my insurance company disclaiming coverage for any injuries that may have been sustained by MR. DeGRAW.

_____
USHER JALAS

Sworn to before me this
16th day of September, 2010.

_____
NOTARY PUBLIC

JEFFREY L. KIRSCH
Notary Public, State of New York
No. 02KI6067935
Qualified in Sullivan County
My Commission Expires 12/24/2013